IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JACOB RODRIGUEZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>PEAK PRESSURE CONTROL, LLC, &<br>NINE ENERGY SERVICES, L.L.C.,<br><br>    *Defendants*. | Civil Action No.<br><br>ORIGINAL CLASS ACTION<br>COMPLAINT |

## ORIGINAL CLASS ACTION COMPLAINT

1. Jacob Rodriguez ("Plaintiff") brings this class action individually and on behalf of the below-defined NM Class Members against Peak Pressure Control, LLC ("Peak") and Nine Energy Services, L.L.C. ("Nine Energy") (collectively, "Defendants").

### I. NATURE OF SUIT

2. Defendants provide pressure control and other oilfield services to oil and gas industry customers in New Mexico. Defendants employed Plaintiff and the NM Class Members as pressure control operators to operate pressure control equipment and tools in New Mexico over the last three years.

3. Defendants have violated the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") by classifying the NM Class Members as exempt from overtime, paying them on a salary or salary-plus non-discretionary bonus basis and refusing to pay them overtime despite Plaintiff and the NM Class Members regularly working over 40 hours per week.

## II.     PARTIES

4. Plaintiff worked for Defendants as a pressure control operator from approximately September 2014 to January 2015. Plaintiff is a New Mexico resident and currently resides in Hobbs, New Mexico. The work Plaintiff performed work in this District serves as the basis for his NM Wage Law claims.

5. Plaintiff brings his NM Wage Law Claim as a Rule 23 class action on behalf of the "NM Class Members." The NM Class Members consist of Defendants' current and former pressure control operators and pressure controllers who received pay on a salary or salary-plus-bonus basis who worked over 40 hours in at least one workweek in New Mexico over the past three years.

6. Defendant Peak is a Texas limited liability company that provides pressure control and other oilfield services to customers throughout this District. Peak may be served through its registered agent CT Corporation System located at 206 S. Coronado Avenue, Espanola, NM 87532.

7. Defendant Nine Energy is a Delaware Corporation that provides pressure control and other oilfield services to customers throughout this District. Nine Energy may be served through its registered agent CT Corporation System located at 206 S. Coronado Avenue, Espanola, NM 87532. Nine Energy maintained an office in Hobbs, New Mexico to perform oil and gas services for customers throughout New Mexico during the relevant time period.[1]

## III.     JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims made in this complaint pursuant to 28 U.S.C. § 1332(d) because the (1) this case involves over 100 NM Class Members; (2)

---

[1] *See e.g.* http://www.nasdaq.com/markets/ipos/filing.ashx?filingid=11507199 (containing Securities and Exchange Commission Form S-1 filed by Nine on May 2, 2017 providing that Nine provided services from its Hobbs, New Mexico during the relevant time period).

the NM Class Members' total claims exceed $5,000,000 in the aggregate, exclusive of costs or interest; and (3) Plaintiff is a citizen from a different state than both Defendants.

9. Venue is proper in this jurisdiction because Plaintiff and the NM Class Members worked in this District and the events giving rise to these claims occurred in this District.

## IV. NM WAGE LAW COVERAGE FACTS

10. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the NM Class Members.

11. At all relevant times, Defendants constituted employers or joint employers within the meaning of NM Wage Law and specifically NM STAT ANN. § 50-4-21(B).

12. At all relevant times, Plaintiff and the NM Class Members constituted individual employees employed by an employer as the term "employee" is understood under NM STAT ANN. § 50-4-21(C).

## V. FACTUAL ALLEGATIONS

13. Defendants have continuously conducted business and maintained an office in this judicial district over the last three years.

14. Plaintiff worked as a pressure control operator for Defendants from approximately September 2014 to January 2015.

15. As a pressure control operator, Plaintiff's primary job duty consisted of operating pressure control equipment and tools.

16. Plaintiff's job duties did not include performance of non-manual work related to the management of Defendants' business.

17. Plaintiff's job duties were routine, rote and did not include the exercise of discretion.

18. Plaintiff's primary job duties consisted primarily of performing manual and technical labor.

19. Plaintiff did not have the authority to hire or fire other employees.

20. Plaintiff did no have responsibility to make hiring or firing recommendations.

21. Defendants regularly scheduled Plaintiff to work for a minimum of twelve (12) hours per day and a minimum of eighty-four (84) hours per week during his employment.

22. Defendants knew that Plaintiff regularly worked over 40 hours per week.

23. Despite Plaintiff routinely working over 80 hours per week, Defendants failed to pay him any overtime premium for all hours worked in excess of 40 per workweek during the time period Plaintiff received compensation on a salary or salary plus non-discretionary bonus basis.

24. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per workweek.

25. During the three years prior to the filing of this Complaint, Defendants employed other NM Class Members as pressure control operators or pressure controllers.

26. As pressure control operators or pressure controllers, the NM Class Members' primary duties did not include performance of non-manual work related to the management of Defendants' business.

27. The NM Class Members' job duties did not include performance of non-manual work related to the management of Renegade's business.

28. The NM Class Members' job duties were routine and rote and did not include the exercise of discretion.

29. The NM Class Members' job duties did not include managerial responsibilities.

30. The NM Class Members did not have the authority to hire or fire other employees.

31. The NM Class Members did not have responsibility to make hiring or firing recommendations.

32. Defendants regularly scheduled the Class Members to work for a minimum of twelve hours per day and a minimum of 84 hours per week.

33. Despite the NM Class Members routinely working over 40 hours per week, Defendants failed to pay the NM Class Members any overtime premium for all hours worked in excess of 40 per workweek during the time period NM Class Members received compensation on a salary or salary-plus-bonus basis.

34. Instead of paying the NM Class Members overtime, Defendants misclassified the NM Class Members as exempt and paid them on a salary or salary-plus-bonus basis with no overtime pay for their many hours of overtime work.

35. Defendants knew that the NM Class Members worked in excess of 40 hours per week.

36. The NM Class Members are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

### VI.  NEW MEXICO CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates all allegations previously made in this Complaint.

38. Plaintiff brings his class action on behalf of the respective NM Class Members.

39. The NM Class Members are so numerous that their joinder is impracticable.

40. While the precise number of the NM Class Members is unknown, at least 100 NM Class Members worked for Defendants in at least one workweek of more than 40 hours in New Mexico over the past three years.

41. Plaintiff's claims are typical of the NM Class Members.

42. Plaintiff and the NM Class Members had a primary job duty of operating pressure control equipment and tools.

43. Plaintiff and the Class Members were classified as exempt from overtime.

44. Plaintiff and the Class Members were paid on a salary-plus-bonus basis.

45. Plaintiff and the Class Members worked for Defendants in New Mexico in at least one workweek during the last three years.

46. Plaintiff and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

47. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated NM Wage Law by failing to pay the NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendants violated NM Wage Law by misclassifying the NM Class Members as exempt from overtime;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendants should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendants acted or refused to act on grounds generally applicable to the NM Class Members. Final injunctive and/or declaratory relief is appropriate to the NM Class Members as a whole.

49. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VIII.   COUNT I: VIOLATION OF NM WAGE LAW

50. Plaintiff incorporates all allegations previously made in this Complaint.

51. Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## IX.     RELIEF SOUGHT

52. Plaintiff prays for the following relief against Defendants on an individual basis and on a representative basis on behalf of the NM Class Members:

a. For an Order certifying his NM Wage Law claim as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under NM Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**TRAVIS GASPER**

        Texas Bar No. 24096881
        **LEE & BRAZIEL, L.L.P.**
        1801 N. Lamar Street, Suite 325
        Dallas, Texas 75202
        (214) 749-1400 phone
        (214) 749-1010 fax

        **JACK SIEGEL**
        *Co-Attorney in Charge*
        Texas Bar No. 24070621
        jack@siegellawgroup.biz
        Siegel Law Group, PLLC
        2820 McKinnon, Suite 5009
        Dallas, Texas 75201
        P: (214) 749-1400

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

        /s/ J. Derek Braziel
        **J. DEREK BRAZIEL**