IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB RODRIGUEZ,

    Plaintiff,

vs.                                                                                     CIV 17-0576 JCH/KBM

PEAK PRESSURE CONTROL, LLC, &
NINE ENERGY SERVICES, LLC,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Corrected Motion to Extend Scheduling Order Deadlines and for Leave to File Second Amended Complaint (*Doc. 25*) ("Corrected Motion"). On May 15, 2018, the Honorable Judith C. Herrera referred this motion to me for a recommended disposition. *Doc. 29.* Having reviewed the parties' submissions and all pertinent authority, the Court recommends granting in part and denying in part Plaintiff's Corrected Motion.

### I.    Background

This case arises from a dispute regarding overtime pay. Plaintiff filed his Original Class Action Complaint on May 23, 2017 on behalf of "NM Class Members." *Doc. 1* at 2, ¶ 5. In their Joint Status Report, the parties suggested "[d]iscovery on issues necessary for class certification purposes to be commenced in time to be completed by April 1, 2018." *Doc. 9* at 5. They further suggested that "[w]ithin 30 days of the outcome on Plaintiff's motion for class certification, the parties request permission to file a provisional discovery plan for the Court's consideration regarding any additional

1

discovery that either party believes necessary to prepare the case for trial." *Doc. 9* at 5. The Court entered a Scheduling Order on August 9, 2017, that was silent as to that request and that set the deadline for Plaintiff to move to amend pleadings to December 15, 2017 and the termination date for factual discovery to April 1, 2018. *Doc. 11*. On November 21, 2017, with leave of the Court and within the Scheduling Order's deadline, Plaintiff filed his First Amended Complaint. *Docs. 20, 21*.

On April 1, 2018, the same day discovery closed, Plaintiff filed his request to extend the Scheduling Order and for leave to file a Second Amended Complaint. *Doc. 24*. The next day, Plaintiff re-filed the same motion (*Doc. 25*) but with fewer exhibits, in order to comply with the page limit in Local Rule 10.5.[1] *See Doc. 28*. On May 21, 2018, Plaintiff moved to certify the class. *Doc. 30*.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 16(b)(4) a scheduling order may be modified "only for good cause and with the judge's consent." "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Walker v. THI of New Mexico at Hobbs Ctr.*, 262 F.R.D. 599, 603 (D.N.M. 2009) (citing Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment).

---

[1] The Court advises Plaintiff's counsel to review all the Local Rules for the United States District Court for the District of New Mexico. Specifically, Plaintiff's counsel should review the formatting requirements in Local Rule 10.1 and the page length limitations in Local Rule 7.5.

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff may only amend a complaint at a later stage of litigation "with the opposing party's written consent or with the court's leave." Rule 15(a)(2) also advises that "[t]he court should freely give leave when justice so requires." In this case, the Scheduling Order required Plaintiff to move to amend by December 15, 2017, yet Plaintiff did not make this motion for leave to amend until April 1, 2018. It does not appear that the Tenth Circuit has addressed the appropriate standard for motions to amend filed after the scheduling order deadline. *See, e.g.*, *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Judges in this District, however, have held that "a motion to amend a pleading, filed after the deadlines imposed by a scheduling order, is governed by the 'good cause' standard of Rule 16(b) rather than the more lenient Rule 15(a) standard." *Zuniga v. Bernalillo County*, Civ. 11-877 RHS/ACT, 2013 WL 12334141, at * 2 (D.N.M. Mar. 18, 2013) (citations omitted). "The moving party must first succeed in showing 'good cause' for modifying the Scheduling Order deadline for amending pleadings, then the Court will apply Rule 15(a)(2) to determine if it would be appropriate to grant the Motion to Amend." *Id.* (citations omitted).

### III.     Analysis
#### a. The Scheduling Order

Although Plaintiff requests that the Court extend the Scheduling Order deadlines to allow him additional time to complete class certification discovery, he has not shown good cause to justify such an extension. Specifically, he fails to demonstrate due diligence under the current Scheduling Order deadlines.

3

Plaintiff first argues that he needs additional time for class certification discovery because "Defendants have refused to provide answers to basic written discovery in this case." *Doc. 25* at 8. Defendants responded to Plaintiff's First Set of Interrogatories and Requests for Production on September 18, 2017. *Docs. 25-3* at 19; *26-2*. Addressing objections in the discovery responses, Plaintiff's counsel sent a good faith letter to Defendants' counsel on October 24, 2017 (*Doc. 25-7*), and another on November 13, 2017 (*Doc. 25-6*). Defendants' counsel responded on December 29, 2017 (*Doc. 26-3*) and on January 11, 2018 (*Doc. 26-4*). Plaintiff then did nothing further to address Defendants' objections and did not send any additional written discovery.

To the extent that Plaintiff now wishes to compel further responses to his original written discovery, time has run out. *See Doc. 27* at 3, 7, 9 (arguing Defendants' September 18, 2017 objections to written discovery were improper). Under this District's Local Rules, "[a] party served with objections to an interrogatory [or] request for production or inspection . . . must proceed under D.N.M.LR-CIV 37.1 within twenty-one (21) days of service of an objection . . . ." D.N.M.LR-CIV 26.6. "Failure to proceed within this time period constitutes acceptance of the objection," but the Court may alter this deadline on a showing of good cause. *Id.* Plaintiff did not file a motion to compel within the required time nor did he request an extension of time to do so. Moreover, he also fails to show good cause to allow him to do so now, more than six months after receiving Defendants' responses, other than arguing that he needs certain "withheld" information.

Plaintiff also contends that he needs additional time to complete class certification discovery because "[t]he Parties have also yet to take a single deposition in

4

this case to obtain necessary discovery to move for Rule 23 class certification, evaluate the claims and defenses, evaluate potential settlement, prepare dispositive motions and prepare for trial." *Doc. 25* at 5. Yet the lack of discovery conducted does not indicate that Plaintiff has been diligent in completing discovery within the Scheduling Order deadlines; rather, it has the opposite impact.

Plaintiff explains that there is a related action pending against Defendants in the Western District of Texas ("Texas case"), *see Snively v. Peak Pressure Control, LLC*, No. 7:15-cv-134-DC (W.D. Tex.), and that the parties have agreed to use discovery from the Texas case in this action. *Doc. 25* at 5-6. Plaintiff contends that more time for certification discovery is needed here because Defendants have provided piecemeal discovery responses in the Texas case only recently produced thousands of documents in the that case. *Doc. 25* at 10-11. While the Court appreciates Plaintiff's desire not to duplicate discovery between the two cases, and certainly encourages cost-saving measures, Plaintiff has not shown how discovery in the Texas case excuses his lack of diligence in this case. This Court has no control over discovery in the Texas case, and Plaintiff is obliged to diligently pursue the discovery he needs here under this Court's Scheduling Order.

Finally, Plaintiff argues, but Defendants dispute, "the parties in this action were both under the mistaken impression that the Court had bifurcated discovery in this action between class certification and merits discovery." *Doc. 25* at 4. But even operating under this impression, Plaintiff had eight months to conduct certification discovery. And, as discussed above, he has not shown the required diligence in conducting such discovery in the instant case.

5

While Plaintiff has not shown good cause to extend the discovery deadline for class certification discovery, the Court acknowledges that, in the parties' Joint Status Report, they requested deadlines for only certification discovery, with a chance to provide a provisional discovery plan for additional discovery after class certification is decided. *Doc. 9* at 5. Although not explicitly set forth in the Scheduling Order, the Court has always intended to honor the parties' request, and therefore will recommend that the parties submit a provisional discovery plan on any additional needed discovery within 30 days of the Court's order on class certification.

### b. Amended Complaint

Plaintiff also seeks leave to file his Second Amended Complaint in order to change the class definition based on information learned during discovery. *Doc. 25* at 3. Plaintiff argues that he "should be allowed to amend [his] complaint as a result of Defendants' position that Plaintiff did not work as a 'Pressure Control Operator,' but rather as a 'Field Service Trainee' during his employment." *Doc. 25* at 5 (citing *Doc. 25-3* at 4-5). However, Plaintiff learned this information on September 18, 2017 when Defendants responded to Plaintiff's First Set of Interrogatories. Under the Scheduling Order, Plaintiff then had until December 15, 2017 to move to amend his pleading. Instead, he waited until April 1, 2018 to request leave to amend.

Plaintiff contends that he has "only recently been able to obtain deposition testimony necessary to redefine the class as employees 'that perform pressure control work' rather than 'pressure control operators' . . . ." *Doc. 25* at 13. But he provides no information on this deposition, such as how recently it was taken or why it was only taken recently. Under Rule 16, he has not shown good cause to modify the amendment

6

deadline in the Scheduling Order. The Court, therefore, does not need to address the second step of the inquiry, amendment under Rule 15(a)(2), and recommends denying Plaintiff's request to file his Second Amended Complaint.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Corrected Motion (*Doc. 25*) is **granted in part and denied in part**. The Court recommends:

(1) denying Plaintiff's request for leave to file his Second Amended Complaint;

(2) denying Plaintiff's request for additional time to conduct class certification discovery;

(3) requiring the parties to submit a provisional discovery plan on any additional needed discovery within 30 days of the Court's order on class certification.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**