IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB RODRIGUEZ,

      Plaintiff,

vs.                                                                                                      CIV 17-0576 JCH/KBM

PEAK PRESSURE CONTROL, LLC, &
NINE ENERGY SERVICES, LLC,

      Defendants.

## ORDER GRANTING LEAVE TO FILE
## MOTION FOR SUMMARY JUDGMENT

      THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Motion for Summary Judgment. *Doc. 33*. Having reviewed the parties' submissions and all pertinent authority, the Court will grant Plaintiff's Motion.

      This case arises from a dispute regarding overtime pay. The Court entered a Scheduling Order on August 9, 2017, setting May 21, 2018 as the deadline for the parties to file pretrial motions other than discovery motions. *Doc. 11*. On May 30, 2018, nine days after the Scheduling Order's pretrial motion deadline, Plaintiff requested leave to file a motion for summary judgment. *Doc. 33*. Plaintiff explains that his attorney in charge of drafting the motion for summary judgment, Derek Braziel, was unable to timely file it due to his wife's illness, which began on May 11, 2018. *Doc. 33* at 1-2.

      Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court, may for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a

demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

Under Federal Rule of Civil Procedure 16(b)(4) a scheduling order may be modified "only for good cause and with the judge's consent." *See, e.g.*, *Walker v. THI of New Mexico at Hobbs Ctr.*, 262 F.R.D. 599, 605 (D.N.M. 2009) (extending the deadline to amend a complaint after the scheduling order's deadline on a finding of good cause). "[Rule 16(b)] focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Walker*, 262 F.R.D. at 603 (citing Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "[T]he concepts of good cause, excusable neglect, and diligence are all related." *Stark-Romero*, 275 F.R.D. at 548.

Here, Plaintiff has shown excusable neglect in failing to meet the dispositive motions deadline and good cause to extend the Scheduling Order. Plaintiff's attorney responsible for drafting the motion for summary judgment, Derek Braziel, was not able to timely file the motion because his wife became seriously ill. Plaintiff provides ample details of Mrs. Braziel's illness and the impact of her illness, which demonstrates that

Mr. Barziel had a reasonable basis for missing the motions deadline and that he is not acting in bad faith by requesting this extension. *See Doc. 33-1*. Accordingly, Plaintiff has demonstrated excusable neglect in failing to meet the deadline to file his Motion for Summary Judgment.

Mr. Braziel has also demonstrated diligence in attempting to meet the Scheduling Order's pretrial motions deadline. This Court previously concluded that Plaintiff did not demonstrate diligence sufficient to extend the Scheduling Order's deadlines for discovery or amendment of pleadings. *Docs. 37, 42*. At that time, Plaintiff failed to show that he had actually been pursuing discovery and could not reasonably have finished discovery or amended his Complaint within the required time. *Doc. 37* at 4-6. The present situation is quite different. Mr. Braziel's wife fell ill ten days *before* the dispositive motions deadline and required care until after that deadline expired on May 27, 2018. *Doc. 33-1*. Rather than providing unspecified claims about needing more time, Mr. Braziel here details why he could not reasonably comply with this Court's Scheduling Order. As such, Plaintiff has demonstrated good cause to extend the deadline for the filing of his motion for summary judgment.

Additionally, Plaintiff moved to amend the dispositive motions deadline only nine days after it had passed. In *Walker*, the court found good cause to allow an amended complaint after the scheduling order's deadline for amending had passed, noting that the deadline had only passed by eighteen days and it was early in the case. *Walker*, 262 F.R.D. at 605. In contrast, the court in *Trujillo* denied amending the scheduling order, finding that "the good cause showing required by rule 16(b) was not met when the defendant filed a motion for leave to amend over a year after the deadline had

3

expired and only two months before trial." *Id.* at 605 (citing *Trujillo*, 2007 WL 2296955, at *2.). This case presents a situation much more similar to *Walker* than *Trujillo*.

Finally, "rigid adherence to pretrial conference agreements should not be exacted, especially where to do so will result in injustice to one party and relaxing of such agreement will not cause prejudice to the other party." *Id.* at 603 (citing *Smith Contracting, Corp. v. Trojan Const. Co.*, Inc. 192 F.2d 234, 236 (10th Cir. 1951)). Defendants will not be prejudiced by this minimal extension. We are relatively early in these proceedings, as a motion for class certification is still pending and trial is not set until January 2019. Moreover, after the class certification issue is decided, the Court will allow the parties to submit a provisional discovery plan on any additional needed discovery. *Docs. 37, 42*.

Plaintiff also seeks leave to file exhibits in excess of the page limitations set under Local Rule 10.5. *Doc. 33* at 5. Defendant's failure to respond to this request constitutes consent to grant it. *See* D.N.M.LR-CIV 7.1(b). The Court therefore grants Plaintiff leave to file exhibits in excess of 50 pages.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Motion for Summary Judgment (*Doc. 33*) is **granted**. Plaintiff shall file his Motion for Summary Judgment by July 6, 2018.

_____
UNITED STATES MAGISTRATE JUDGE